CSD 1161 [05/15/03]
Name, Address, Telephone No. & I.D. No.

**Nancy Cho**
611 S. Catalina Street #212
Los Angeles, CA 90005
Tel: 213-700-4894
Fax 213-388-8224

**FILED**
**DEC 09 2015**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**CHO, NANCY**
                                    Debtor.

                                    Moving Party

                                    Respondent(s)

BANKRUPTCY NO. 2-15BK 27486 NB

RS NO.

Hearing Date: 12/15/2015
Hearing Time: 10.00 a.m. Ct Rm #1545

## OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
☑ REAL PROPERTY    ☐ PERSONAL PROPERTY

Respondent in the above-captioned matter moves this Court for an Order denying relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter  ☐ 7  ☐ 11  ☐ 12  ☑ 13  was filed on _____11/16/2015_____.

2. Procedural Status:
   a. ☑ Name of Trustee Appointed (if any): Cathy Dockley
   
   b. ☐ Name of Attorney of Record for Trustee (if any):
   
   c. ☑ *Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on:_____.
      If applicable, the prior case was dismissed on: _____.
   
   d. ☐ (If Chapter 13 case): Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

3. *Number of unsecured creditors __9__. Amount of unsecured debt $__859,000.00__.

4. *Last operating report filed:_____

5. *Disclosure statement: Filed? (yes/no)___No___. Approved? (yes/no) _____.
   If yes, date of plan confirmation hearing:_____

*Only required if respondent is the debtor.

CSD 1161 (Page 2) [05/15/03]

Respondent alleges the following in opposition to the Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   16712 Newbrook Circ Cerritos, CA 90703

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   Residental

   c. Legal description of property is attached as Exhibit A.

   d. **Fair market value of property: $ 700,000.00            .

   e. **Nature of Respondent's interest in the property:   Bona Fide Tenant

2. ☐ The following personal property is the subject of this Motion (describe property):

   a. **Fair market value of property: $_____.

   b. **Nature of Respondent's interest in the property:

3. Status of Movant's loan:
   a. Balance owing on date of Order for Relief:                       $_____
   b. Amount of monthly payment:                                        $_____
   c. Date of last payment:                                             _____
   d. If real property,
      (1) Date of default:                                              _____
      (2) Notice of Default recorded on:                                _____
      (3) Notice of Sale published on:                                  _____
      (4) Foreclosure sale currently scheduled for:                     _____
   e. If personal property,
      (1) Pre-petition default:     $_____    No. of months:_____
      (2) Post-petition default:    $_____    No. of months:_____

4. (If Chapter 13 Case, state the following:)
   a. Date of post-petition default:                                    _____
   b. Amount of post-petition default:                                  $_____

5. Encumbrances:
   a. Voluntary encumbrances on the property:

| Lender Name | Principal Balance | Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: | | | | | |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 0.00 | $ 0.00 | | $ 0.00 | |

**Separately filed Declaration required by Local Bankruptcy Rule 4001-4.

CSD 1161 (Page 3) [05/15/03].

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens):
        ☐ See attached page, if necessary.

6. Relief from the automatic stay should not be granted because:

   a.   ☐ Movant's interest in the property described above is adequately protected.

   b.   ☐ Debtor has equity in the property described above and such property is necessary to an effective reorganization.

   c.   ☐ The property is not "single asset real estate", as defined in 11 U.S.C. § 101(51B).

   d.   ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and less than 90 days (or _____ days ordered by this court) have passed since entry of the order for relief in this case, or

      (1) the Debtor/Trustee has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

      (2) the Debtor/Trustee has commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien) which payments are equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   e.   ☑ Other (specifiy): ☑ See attached page.

The Moving party filed the this Unlawful Detainer Action premaritally which He has violated the Court Order Automatic-Stay {14 Day Waiver} See Attached Exhibit "A" { Moving party has lied ]

When required, Respondent has filed a separate Declaration pursuant to Local Bankruptcy Rules 4001-4.

Respondent attaches the following:

1. ☑ Other relevant evidence:

On 10/20/2015 A Motion heard by the Court (case #15-bk-24223DS) The Court has imposes the 14Day Stay then and on 10/26/2015 Court has singed the and filed the Order, on 11/06/2015 the Moving party filed the UD action as Moving party ignored the 14-Day Stay,

2. ☐ (Optional) Memorandum of points and authorities upon which the responding party will rely.

WHEREFORE, Respondent prays that this Court issue an Order denying relief from the automatic stay.

Dated: 12/5/2015

                                                                 [Attorney for] Respondent

**EXHIBIT "A"**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lane M. Nussbaum (SBN 264200)<br>NUSSBAUM APC<br>27489 Agoura Road, Suite 102<br>Agoura Hills, CA 91301<br>(818)660-1919<br>(818)864-3241 | **FILED & ENTERED**<br><br>OCT 26 2015<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY egarcia  DEPUTY CLERK |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION**

| In re:<br><br>Seon Hee Kim<br>aka Seon H Kim<br>aka Sunny Seon Hee Kim<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-24223-DS |
|---|---|
| | CHAPTER: 7 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)** |
| | DATE: 10/20/15<br>TIME: 10:30 a.m.<br>COURTROOM: 1339<br>PLACE: 255 East Temple Street<br>Los Angeles, CA 90012 |

**Movant:**
**DLI Properties, LLC**

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. This order applies to the following real property (Property):
   Type of property:  ☒ Residential    ☐ Nonresidential
   *Street Address:* 16712 Newbrook Circle
   *Unit/Suite number:*
   *City, State, Zip Code:* Cerritos, CA 90703

3. The Motion is granted under:
   a.  ☒ 11 U.S.C. § 362(d)(1)
   b.  ☐ 11 U.S.C. § 362(d)(2)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 1                              F 4001-1.RFS.UD.ORDER

    c. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☒ The court ☒ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☒ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☒ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

    a. ☐ without further notice.

    b. ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                                    F 4001-1.RFS.UD.ORDER

13. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ Other (*specify*):

###

Date: October 26, 2015

Deborah J. Saltzman
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 3                                        F 4001-1.RFS.UD.ORDER

zz

## DECLARATION OF SERVICE

I, Gene S. Lee, declare:

I reside in the County of Los Angeles, I am over the age of eighteen and not a party to this action. My business address is 611 So. Catalina Street #212 Los Angeles, CA 90005

On December 5, 2015 I served on the interested parties in this action the following described documents:

**OPPOSITION TO MOTION TO RELIEF AUTOMATIC STAY**
[Re:LDI, Inv. LLC, vs. Kim,, LASC15UN3925 By Nancy Cho,]

[X] by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid and depositing the same in the United States Mail  in the city of Los Angeles, which envelope was addressed as follows:

[ ] by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid and depositing the same in the United States Mail  in the City of Los Angeles, which envelope was addressed as follows By Overnight  Experss mail:

[X] by placing a true and correct copy thereof by facsimile /Electronic transmission as follows:

[ ] by placing a true and correct copy thereof by hand to the addressee as follows:

**Mr.LANE M.NUSSBAUM. ESQ.**
**27489 Augura Road,#102**
**Agoura Hills, CA 91301**
**[Fax:818-864-3241]**

Kathy A. Dockerly [ US  Trustee]
700 S. Flower Street  #1950
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of  California that the forgoing is true and correct.

Dated: December 5, 2015

By: _____
    Gene S. Lee

1